PC SCAN
FILED 3/14/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT
LJ

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FREDRICK GOINGS
  Plaintiff
  v.
SCOTT S. NODINE, et al.
  Defendants

Case No. 23-CV-3036

Judge Matthew F. Kennelly

PLAINTIFF'S NOTICE TO THE COURT OF HIS REASONS FOR NOT BEING PRESENT DURING AN APPARENT COURT HEARING BY PHONE ON FEBRUARY 25, 2025

NOW COMES Plaintiff Fredrick Goings, an individual confined in the Illinois Department of Corrections at Dixon Correctional Center, hereby gives the Court notice as follows:

1. On August 28, 2024 the Court recruited Albert Salvi of Salvi & Maher to represent Plaintiff.

2. On October 15, 2024 Albert J. Salvi filed his appearance in the case.

3. On November 13, 2024 the Plaintiff had his first phone consultation with Albert J. Salvi.

1

4. On or about February 6, 2025 Plaintiff received his first and only written correspondence from Albert J. Salvi of Salvi & Maher LLP. Said correspondence did not advise Plaintiff that the Court required Plaintiff's presence for the February 25, 2025 Court hearing.

5. Neither Albert J. Salvi nor any one from the law firm Salvi & Maher LLP advised Plaintiff prior to February 25, 2025 that the Court required Plaintiff's presence on February 25, 2025.

6. Plaintiff did not receive any copy of any order or Notice of Electronic Filing (NEF) advising that his presence was required for the February 25, 2025 Court hearing.

7. On March 11, 2025 Plaintiff had a legal call from Albert J. Salvi.

8. During the March 11, 2025 legal call Attorney Salvi for the first time advised Plaintiff about the February 25, 2025 Court Call, and further advised Plaintiff that Dixon's Correctional Counselor Wilken provided the Court and Attorney Salvi false and misleading information which had been given to Counselor Wilken from Correctional Officer Deneve.

9. The true facts about what occurred in X-House on B-Wing a few minutes before the apparent scheduled Court call is that Plaintiff was advised by CIO Deneve of an apparent Court call, and Plaintiff got dressed and stood at the door and neither CIO Deneve nor anyone else from Dixon's security staff arrived at the Plaintiff's assigned cell X-B-41 to let Plaintiff out of the cell in order to escort Plaintiff to C-Wing where the X-House facilitates legal calls.

10. Routinely when there is a legal call or Court call for Plaintiff, either the Lieutenant on duty or the Sgt. on duty will arrive at Plaintiff's cell minutes before the call to restrain Plaintiff in a waist chain and handcuffs at his side and then escort Plaintiff to C-Wing where legal calls are conducted.

11. No Sgt., nor Lt., arrived at Plaintiff's cell to escort Plaintiff to the C-Wing so that the Plaintiff could participate in the February 25, 2025 Court call.

12. The reason Plaintiff was not present for the apparent February 25, 2025 Court hearing by phone was due to no fault of his own.

13. Based on information and belief the Plaintiff has a good-faith basis to state that as an act in furtherance of the ongoing campaign of harassment that Plaintiff has been subjected to by IDOC employees and contract workers at every prison that he has been confined at within IDOC since 2013, Correctional Officer Deneve and Counselor Wilken failed in their duties to make arrangements for someone to escort Plaintiff to C-Wing so that the Plaintiff would have been available for the February 25, 2025 Court call, and then they caused inaccurate and misleading information about the reason for the Plaintiff's absence from the Court hearing to be circulated to the Court and Attorney Salvi.

14. Plaintiff has been repetitively harassed at Dixon Correctional Center by Correctional staff, Medical staff, Mental Health staff, Property staff, Commissary staff amongst countless other employees from several departments at Dixon Correctional Center.

15. Plaintiff has authorized Attorney Salvi to prepare a motion for temporary and permanent injunctive relief in order to stop IDOC and Dixon Correctional Center's rogue staff ongoing campaign of harassment and targeted attacks directed against Plaintiff.

4

16. Plaintiff also authorized Attorney Salvi to locate the Plaintiff's relative Austin Randolph Jr. (a former IDOC Deputy Director that retired in 2012) so that Plaintiff's relative Austin Randolph Jr., can intervene on behalf of Plaintiff to assist in stopping the rogue IDOC Staff's ongoing campaign of harassment and targeted attacks directed at Plaintiff.[1]

WHEREFORE Plaintiff respectfully request that the Court accept Plaintiff's reasons for not being present during an apparent Court hearing by phone on February 25, 2025.

Respectfully,

Fredrick Goings
Plaintiff

---

[1] Plaintiff provided Attorney Salvi with sufficient information and last known whereabouts of Austin Randolph Jr. to locate him, however, Attorney Salvi claimed on March 11, 2025 he could not locate him.

5

# CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2025 before 11:00 PM, the enclosed Plaintiff's Notice To The Court of His Reasons For Not Being Present During An Apparent Court Hearing By Phone On February 25, 2025 was placed in the outgoing Prison mail addressed to the Prison law library to be e-filed thru the CM/ECF System which will send notice to all Parties entitled to notice.

Respectfully,

Fredrick Goings
Plaintiff